UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FLOWERS MILL VETERINARY HOSPITAL, INC., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) No. 3:25-cv-00602 |
| v. | ) ) ) |
| SUMMUS MEDICAL LASER, LLC, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Summus Medical Laser, LLC ("Summus") sells therapy lasers—devices that use infrared light to stimulate tissue and promote healing. In 2018, Flowers Mill Veterinary Hospital, Inc. ("Flowers Mill") bought what it believed was an authentic K-Laser device from Summus through a third-party distributor, but it was in fact a Chinese-made counterfeit. Flowers Mill now brings this putative class action against Summus for breach of contract, fraud, unjust enrichment, and violating the Tennessee Consumer Protection Act ("TCPA"). Summus moves to dismiss three of the four claims and to strike the class allegations. (Doc. No. 16). The motions are ripe for decision. (Doc. Nos. 17, 20, 21). For the reasons that follow, the motion to dismiss will be granted: the breach of contract, unjust enrichment, and TCPA claims will be dismissed, and the fraud claim will survive. The motion to strike will be denied.

**I. FACTUAL BACKGROUND**[1]

Summus, formerly known as K-LaserUSA, was the exclusive U.S. distributor of K-Laser branded therapy lasers manufactured by Eltech K-Laser, an Italian company. (Doc. No. 1

---

[1] Unless noted otherwise, the Court draws the facts from the Complaint (Doc. No. 1) and assumes the truth of the allegations to rule on the motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

¶¶ 2, 11). In February 2018, Eltech terminated its distribution agreement with Summus after discovering that Summus was selling K-Laser branded therapy lasers that were manufactured by a third party in China. (Id. ¶ 17). Summus continued selling the counterfeits until an arbitration award enjoined the practice in June 2019. (Id. ¶¶ 18-19).

Flowers Mill is a veterinary hospital in Pennsylvania. (Id. ¶ 23). In 2018, its owner attended a veterinary conference, visited the K-Laser vendor booth, and decided to purchase a K-Laser. (Id. ¶¶ 24-26). Flowers Mill chose K-Laser because of its reputation as a high-quality, reliable brand (id. ¶¶ 27-30), and it purchased the laser for $33,050. (Id. ¶ 31). Flowers Mill's vendor, Patterson Veterinary Supply, facilitated the purchase. (Id. ¶ 32). Summus's sales representative supplied the laser, delivered it to Flowers Mill, and trained the staff on its use. (Id. ¶ 33). Summus never disclosed that the device was not authentic. (Id. ¶ 34).

In March 2025, the laser malfunctioned. (Doc. No. 1 ¶ 39). Flowers Mill contacted Indiba—the successor to Eltech—about a warranty repair. (Id. ¶ 40). Indiba informed Flowers Mill that the device was a Chinese-manufactured counterfeit with fake K-Laser branding. (Id. ¶¶ 41-42).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Venema v. West, 133 F.4th 625, 632 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678). When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's

favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

## III. ANALYSIS

Summus asserts three grounds for dismissal. It argues that the breach-of-contract claim fails because Flowers Mill has not plausibly alleged that it was an intended third-party beneficiary of the distribution contract between Summus and Patterson. (Doc. No. 17 at 4-5). It contends that the unjust enrichment claim fails because Flowers Mill has not exhausted its remedies against Patterson. (Id. at 5-6). Finally, it argues that the TCPA's five-year statute of repose bars the TCPA claim because the purchase occurred in November 2018, and Flowers Mill did not sue until May 2025. (Id. at 7-8). Summus also moves to strike the class allegations because Flowers Mill does not have standing. (Id. at 8).

Flowers Mill responds that its purchase order to Patterson with direct delivery from Summus establishes that the contract was for its benefit. (Doc. No. 20 at 2-5). It argues that exhausting remedies against Patterson would be futile (id. at 6-7), and it raises fraudulent concealment as a basis for tolling the statute of repose. (Id. at 2 n.1).

The Court agrees with Summus. The breach-of-contract claim fails because the Complaint alleges insufficient facts that Flowers Mill was an intended third-party beneficiary. The unjust enrichment claim fails because Flowers Mill failed to plead exhaustion or futility. The TCPA claim fails because the five-year statute of repose bars the claim. Summus does not challenge the fraud claim, so it remains. Finally, the motion to strike will be denied because the dismissed claims are no longer in the case, and Summus offers no independent basis for striking the class allegations as to the surviving claim.

### A. Flowers Mill Is Not a Third-Party Beneficiary

Flowers Mill did not purchase the laser directly from Summus, but it bought the device through Patterson, its vendor. (Doc. No. 1 ¶ 32). Because Flowers Mill was not a party to that contract, it can enforce the contract only if it was an intended third-party beneficiary.

Tennessee contract law presumes that contracts are "for the benefit of the contracting parties and not for the benefit of third parties." Wallis v. Brainerd Baptist Church, 509 S.W.3d 886, 899 (Tenn. 2016). A third party may recover under a contract only by "proving, from the terms of the contract or the circumstances surrounding its execution, that, at the time of contracting, he was an intended third-party beneficiary of the contract." Id. To do so is an "exceptional remedy" because it requires the third party to demonstrate by "clear and direct" evidence (1) that the parties to the contract have not disclaimed third-party rights; (2) that recognizing the third party's right to enforce the contract is consistent with the parties' intent; and (3) that the contract's terms or circumstances of its execution indicate that the promisee intended to benefit the third party, or that performance would satisfy a duty the promisee owed to the third party. Id. at 900. The Complaint is silent on all three factors.

Even viewed charitably, the Complaint describes a contractual arrangement between Summus and Patterson that was entirely for their benefit: Patterson facilitates the purchase, Summus delivers, and both profit. At most the Complaint alleges, in conclusory fashion, that "as the intended end-users of the therapy lasers," Flowers Mill is "the intended third-party beneficiar[y] of the purchase contracts between Defendant and third-party vendors." (Doc. No. 1 ¶ 60).

Flowers Mill emphasizes that Summus delivered the laser directly to it rather than Patterson. (Doc. No. 20 at 3-4). But that reflects the logistics of the separate distribution arrangement rather than Summus and Patterson's intent to confer an enforceable contractual right

4
Case 3:25-cv-00602   Document 29   Filed 03/04/26   Page 4 of 8 PageID #: 175

through the Summus-Patterson contract. Taken to its logical end, Flowers Mill's theory would make every purchaser of a distributed product an intended third-party beneficiary of the manufacturer-distributor contract.

The Court recognizes that Flowers Mill, as a non-party to the contract, does not have the contract available. But Flowers Mill does have access to its purchase order through Patterson and oddly makes no mention to that document. Though the Federal Rules do not require that it does to advance past the pleading stage, the Court cannot conclude that Flowers Mill has plausibly alleged that at the time Summus and Patterson contracted, it "was an intended third-party beneficiary of the contract." Wallis, 509 S.W.3d at 899. That "exceptional remedy" is thus foreclosed. Id. at 900.

### B. The Unjust Enrichment Claim Fails Because Flowers Mill Did Not Exhaust Its Remedies

Flowers Mill's unjust enrichment claim also fails. Where no contract exists, a court may impose an implied contractual obligation under an unjust enrichment theory where (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the retention of the benefit would be inequitable. Freeman Indus., LLC v. Eastman Chem. Co., 172 S.W.3d 512, 525 (Tenn. 2005). The Complaint plausibly alleges each element. Flowers Mill paid over $33,000 for the K-Laser, and Summus supplied a Chinese-manufactured counterfeit. (Doc. No. 1 ¶¶ 31-34). Allowing Summus to retain the premium Flowers Mill paid for a product that it did not bargain for would be inequitable.

Though Flowers Mill sufficiently pleaded the elements of unjust enrichment, a plaintiff must exhaust its remedies against a party that it has contractual privity with—or show that doing so would be futile—before recovering on an unjust enrichment claim against a party that it lacks privity with. Freeman Indus., 172 S.W.3d at 525-26. The Complaint is silent on both points.

Patterson is Flowers Mill's vendor. (Doc. No. 1 ¶ 32). Presumably, there is a contract governing that relationship. And for a purchase of more than $33,000, there is presumably a purchase order with express terms. The Complaint says nothing about either, despite those documents being within Flowers Mill's possession. Though the Complaint does not allege that Patterson knew anything about the counterfeit product, the Court cannot determine whether exhaustion would be futile without knowing the terms of Flowers Mill's arrangement with Patterson.

Flowers Mill contends that it need not plead exhaustion or futility to proceed past the pleading stage because exhaustion goes only to ultimate recovery rather than serving as a threshold requirement. (Doc. No. 20 at 6-7). It cites Bennett v. Visa U.S.A. Inc., 198 S.W.3d 747, 756 (Tenn. Ct. App. 2006). But Bennett did not reach that issue: it declined to address exhaustion after finding the Complaint failed to state a claim for unjust enrichment. Id. at 757 ("We pretermit the issue of whether plaintiff satisfied the 'exhaustion of the remedies' requirement, because, based on the pleadings the plaintiffs cannot establish that defendants were unjustly enriched[.]"). And the Sixth Circuit has found otherwise. See, e.g., Kalos, LLC v. Twin Springs at White House, LLC, No. 21-5352, 2022 WL 59617, at *2 (6th Cir. Jan. 6, 2022) (affirming dismissal of unjust enrichment claim at the pleading stage for failure to allege exhaustion). The unjust enrichment claim thus fails.

C. The Statute of Repose Bars the TCPA Claim

The same can be said for the TCPA claim. The TCPA's statute of repose bars any claim that is brought more than five years after the date of the consumer transaction giving rise to the claim, regardless of when the cause of action accrues. Tenn. Code Ann. § 47-18-110. The consumer transaction here was the November 2018 purchase. Flowers Mill did not sue Summus until more than six years later.

Flowers Mill does not dispute that its claim is untimely on its face. Rather, in a footnote, it argues that the statute of repose should be tolled for fraudulent concealment, pointing to French v. First Union Securities, Inc., which held that the TCPA's statute of repose "may be tolled by a showing of fraudulent concealment." 209 F. Supp. 2d 818, 826 (M.D. Tenn. 2002). The Court is not persuaded for two reasons.

First, courts applying Tennessee law are inconclusive on whether fraudulent concealment tolls the TCPA's statute of repose. In Cates v. Stryker Corp., for example, the district court specifically rejected French and declined to find that fraudulent concealment tolled the TCPA's statute of repose. No. 3:10-CV-546, 2012 WL 256199, at *5 (E.D. Tenn. Jan. 27, 2012). The district court instead found instructive decisions that interpreted statutes of repose like the TCPA's to be "an absolute time limit within which actions must be brought." Id. (quoting Penley v. Honda Motor Co., 31 S.W.3d 181, 184 (Tenn. 2000)).

Second, as the district court in Cates also pointed out, the Tennessee Legislature explicitly provides for tolling by fraudulent concealment in other statutes of repose, but it has not done so for the TCPA. Id. The health care liability statute of repose, for example, expressly provides that the repose period shall not apply where "there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists." Tenn. Code Ann. § 29-26-116(a)(3). The Legislature's silence here is telling.

The Court thus declines to toll the statute of repose here. The untimely TCPA claim must be dismissed with prejudice.

D. The Motion to Strike Is Denied

Finally, Summus moves to strike the class allegations on the ground that the underlying claims fail. (Doc. No. 17 at 8). To the extent Summus seeks to strike the class allegations relating

to the dismissed breach of contract, unjust enrichment, and TCPA claims, the motion is moot because those claims no longer remain. To the extent Summus seeks to strike the class allegations relating to the surviving fraud claim, it offers no independent basis to do so. The motion to strike will be denied.

IV. **CONCLUSION**

For the reasons set forth above, the Court will grant Summus's motion to dismiss and deny its motion to strike (Doc. No. 16).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE